By the Court.
Duer, J.
It is scarcely possible to extract a consistent meaning from the provisions of this very obscure will, and were it necessary to make the decision, we should be greatly at a loss to determine whether the fund which is to be applied or distributed in the manner stated in the will, at the end of three years from the death of the testator, must be construed to embrace the entire capital of his estate, real and personal, (the real being converted into money or securities by a sale,) or must be limited to the accumulated rents, profits, and income. It is not necessary, however, to decide the question, since whichever may be the true construction, we are clearly of opinion that the dispositions in the will cannot be sustained.
The testator devises all his estate, real and personal, after the payment of debts, funeral expenses, and three small legacies, to his executors as trustees for the term of three years from the time of his death, and directs them to accumulate the rents, profits, and income, during that period; and at the expiration *448 of the time, if the moneys in their hands (whether including the proceeds of a sale of the real estate is uncertain) shall not be applied to the erection of a statue to the memory of General Washington, or shall be found inadequate for that purpose; he orders them to be equally distributed .among three of our charitable institutions — The New York Hospital, and the Institutions for the Deaf and Dumb, and for the Blind, It is needless to state the proyisions of the will with more particularity, since it cannot be denied that their necessary effect is to render all the property which they embrace, inalienable during the continuance of the trust term; and whether that property be partly real and partly personal, or by an out and out conversion of the real, wholly personal, .is immaterial, since the distinction cannot prevent or vary the application of the statutory rule in relation to perpetuities. The rule is the same, whatever may be the description of the property to which it is applied. Whatever in this case may be the nature of the property, it is vested in the executors as trustees, for a term of years not dependent upon lives, and wholly suspending, during its continuance, the power of alienation, and the limitation in favor of the three institutions that have been named is a contingent remainder, which from the terms of its creation could not take effect, if at' all, until the expiration of the trust term. We have struggled in vain to escape from the conclusion that the term and the remainder are equally and wholly void. The decision of the court of errors in Hawley v. James,(a) has settled the law that under the revised statutes there can be no suspense of the power of alienation for an absolute term of years, however short in its duration. Unless the continuance of the term is made to depend upon not more than two specified lives in being, it is wholly void,.and as we' understand the decision, every remainder which is only to take effect at the expiration of the term as too remóte, is equally void. It is possible that there may be a distinction in these cases between a vested and a contingent remainder, but the distinction,’if it exists, is not applicable to the préseñt case, *449 since the remainder here is plainly contingent. It is probably a subject of just regret that the opinion of Chancellor Walworth, allowing a suspense of the power of alienation during a moderate term of years, was not followed in the court of errors, but we are bound by that interpretation of the revised statutes which the court of ultimate resort has adopted and to which it has constantly adhered. We certainly think that the law in its present state is defective, and a source of frequent and serious inconvenience', but it is only by an exercise of legislative power that it can now be altered and amended.
It was suggested that we might get over the difficulty in the present case by holding the trust term, the direction to accumulate, and the discretionary power given to the executors to apply the moneys in their hands to-the erection.of a statue, to be alone void, and. thus give effect to the remainders as a vested and immediate interest, but-we think that by converting a future into a present estate, and a contingent into a vested interest, we should make a will for the testator, instead of expounding that which he has himself made. It is possible that had the testator known or anticipated that the prior limitations in his will would be adjudged to be void, he would have made an immediate and absolute devise of his estate to the institutions which are conditionally the objects of his bounty; but no such intention can be deduced from the language of the will, and upon a mere conjecture, however probable, we cannot disinherit the heir-at-law, nor deprive the next of kin of their rights in the personalty. It fortunately happens that the heirs and next of kin of the deceased are his near relatives, whose reasonable expectations as the natural objects of his bounty, from some unexplained cause in making his will, he wholly disregarded. Under the Roman law, such a will would have been set aside as inofficious, that is, as violating the moral obligation which the ties of kindred create.
This imperfect obligation is not enforced by our own law, but it is not the less true that it exists.
There must be a decree declaring that all the provisions of the will, except those which relate to the payment of debts and *450 funeral charges, and the appointment of executors and the payment of their legacies, are illegal and void, and that the real estate has descended to the heirs-at-law, and that the next of kin are entitled to the residue of the personal. There must also be a reference to a suitable' person to take and state the accounts of the executors, and to ascertain and report who, as next of kin, are entitled to distributive shares in the personal estate.
The costs of all the parties, and reasonable counsel fees of the executors, are to be paid out of the fund in their hands.
Further directions are reserved until the coming in of the report of the referee.

it) 16 Wend. 61'.